Spear, J.
It must be apparent from the foregoing statement that the defense sought to be made by the amended answer, and the motion to dismiss, was based upon a mere technicality. The plaintiff having fully qualified as administrator before the case was reached for trial every right of the defendants upon the merits of the case was fully preserved, and in no possible aspect could the delay in perfecting the bond and receiving the letters of administration prejudice the defense of the defendants upon the real meritorious question involved in the controversy, which was, whether or not the defendants’ negligence was the cause of the death. The amended answer, by which it was attempted to interpose a denial of their former admission, could not be allowed to be filed as of right but only by leave of the court. The spirit, if not the very letter, of the code (section 5114, Revised Statutes) permits amendments, where it is necessary to appeal to the court, only in furtherance of justice. Manifestly, as the omission to fully qualify worked no prejudice to the rights of *104 the defendants on the merits, the filing of the amended answer might properly have been refused, and with due respect to the learned judge who presided at the special term, we are of opinion that leave should have been refused, and that the granting of leave was not in the exercise of a proper discretion.
But the amended answer having been permitted to be .filed, is a part of the record, afid the question now is what judgment should have been rendered on the motion to dismiss. We are of opinion that it' ought to have been overruled. The defendants had stood for nearly two years on a distinct admission in their answer, duly sworn to, “that plaintiff is the duly appointed and qualified administrator of the estate of John Archdeacon, deceased,” and then when, because of the lapse of the two years limitation prescribed by the death statute, it was too late for plaintiff to begin a new action, they attempt to change front, and, although not asking to withdraw the original answer, but leaving that as a part of the record in the case, seek to defeat the plaintiff’s cause of action by an -attempted contradiction of their own.solemn admission. Had this denial of the plaintiff’s qualification been incorporated in the original answer it is • more than probable that attention would have been called to the condition of the proceeding in the probate court and the defective bond then cured. It would seem that, if there be any virtue in the spirit of the doctrine of estoppel, that which prevents one from denying a fact in consequence of .his own previous allegation of a contrary tenor, an allegation calculated to mislead his opponent, this is a proper situation to make application of it. *105 The rule is well stated in 16 Cyc., 680: “If a person, by his conduct, induces another to believe in the existence of a particular state of facts and the other acts thereon to his prejudice, the former is estopped as against the latter, to deny that that state of facts does in truth exist.” The admission in the answer was an assurance to plaintiff that his right to maintain the action would not thereafter be disputed, on which he had a right to act.
But let us look at the legal effect of the attempted denial. Having sought to escape liability by what we have found to be a mere technicality the defendants ought not to be heard to complain if a strict rule is applied in giving construction to the allegations of their amended answer. With regard to the status of the plaintiff its averment is that “the defendants reaffirm all the defenses and allegations set forth in the separate answers heretofore filed, except that plaintiff was duly qualified as administrator of the estate of John Archdeacon, deceased,” thus leaving to stand, and in effect repeating, the admission that the plaintiff had been duly appointed as administrator, and averring only, as new matter, that he had not been duly qualified, meaning in law that the only change from the former answer was that there was some defect of some character or other in the qualification of the plaintiff, but none whatever in his due appointment. In some jurisdictions the practice in the'probate court is to make an order appointing an administrator, and follow that by an order that a bond be given, and this seems to be contemplated by the statute (section 6006), the language being: “Every administrator shall, before entering on the execution of his trust, give *106 bond,” etc. The statement found later in the amended answer that the plaintiff was on March 10, 1905, duly appointed and qualified, is not so far antagonistic to the earlier paragraph as to destroy or abrogate it, while the statement with which the answer closes to the effect “that plaintiff is without legal capacity to maintain this action” is a mere legal conclusion, proper in a demurrer where the petition discloses the weakness, and not improper in an answer if accompanied with pertinent allegations of fact, but of no force in this amended answer except as a concession that, in the comprehension of the pleader, there was an action pending. It is to be borne in mind, also, that objections to the legal capacity of a plaintiff to sue must be distinctly pleaded (section 5063), or the same are waived. Hoop v. Plummer, 14 Ohio St., 448. A general denial is not sufficient. Surely in the face of an admission of due appointment, and upon these pleadings taken together, it is not reasonable to ask that a defendant have judgment because of a mere denial of the plaintiff’s qualification, in the light of the liberal provisions of our code which permit amendments, even after judgment, in furtherance of justice. This condition of the record should, in our opinion, have been held sufficient ground for the overruling of the motion to dismiss.
It being thus shown by the pleadings that plaintiff was duly appointed, what follows? We think it does not follow that the failure to fully qualify within the two years defeated the action. The qualification, when made, following a general rule that the appointment relates back, related back at least to the time of the filing of the petition, and *107 that was not a void performance, being an act done during the interim which act was for the benefit of the estate. It could not be otherwise, for it was an attempt to enforce a claim which was the only-asset of the estate. This rule .is sustained by a large number of authorities, and seems to be quite generally recognized. It appears, also, to be just and equitable. We think it idle to urge that the rule can not apply in this case because the proceeds of any judgment obtained would go to next of kin only and not in the usual course of administration. There is no valid reason for sustaining the rule in one case and disregarding it in the other. There are. many authorities, also, to the effect that had the petition needed amendment to make it good, leave to amend, even after the two years, should have been given. The courts, in numberless cases, hold that amendments may be allowed, and even new parties made, in order to prevent a failure by the running of the limitation of the statute. In other words, the proceeding was not a nullity. It was, on the other hand, a cause pending in which, by the liberal principles of our code, the party plaintiff, though lame in one particular, might be allowed to cure that defect and proceed to a determination of the merits.
It is urged that no sufficient exception was preserved by plaintiff, and it is true that the record does not disclose any special exception to the leave given defendants to file the amended answer. But there appears adequate and proper exception to the action of the trial court in sustaining the motion to dismiss.
Much discussion was had in argument respecting the proper construction of the sections of the *108 Revised Statutes, 6134 and 5, which authorize actions of this character, The view' we take of the record'makes any discussion of the statute unnecessary. Nor do we find it necessary to multiply authorities. The' curious reader will find plenty of them in the citations given by the learned counsel which appear in the reporter’s notes.
It is urged that no reply was filed to the amended answer. In our judgment none was needed.
The judgment will be reversed and the cause remanded. '

Reversed.

Shauck, C. J., Price, Crew, Summers and Davis, JJ., concur.